IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONATHAN LAW, | Case No. 4:14-cv-03090-CRZ |
| Plaintiff, | |
| v. | |
| PREMIER PSYCHIATRIC GROUP, LLC, NVATION, LLC, and DEEP TMS PROVIDER, LLC, | **AGREED CONFIDENTIALITY ORDER** |
| Defendants. | |

The Parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. <u>Disclosure of Information</u>.  In the course of settlement negotiations between the Parties and discovery, Plaintiff may disclose to Defendants information and documents relating to his earnings history and earning potential at Neuronetics, Inc., including without limitation employment agreements, bonus/incentive compensation plans, stock option agreements, and any information or document which details the wages and other compensation, including benefits, Plaintiff was and would have been entitled to had he remained employed at Neuronetics, Inc.  Defendants, including its officers, agents, employees, representatives, and attorneys, will not, either directly or indirectly, divulge, disclose, or communicate such information and documents to any other person or entity, or use such information and documents for any other purpose than the settlement negotiations, discovery and the litigation related to Plaintiff's claims, it being understood by the Parties that all such information and documents shall be treated as strictly confidential.  In the course of settlement negotiations between the Parties and discovery, Defendants may disclose to Plaintiff information and documents relating to wages and other compensation, including benefits. Plaintiff, including its officers, agents, employees, representatives, and attorneys, will not, either directly or indirectly, divulge, disclose, or communicate such information and documents to any other person or entity, or use such information and documents for any other purpose than the settlement

1

negotiations, discovery and the litigation related to Plaintiff's claims, it being understood by the Parties that all such information and documents shall be treated as strictly confidential. Furthermore, Plaintiff and Defendants agree that these documents will only be reviewed by the following individuals:

    A. <u>Counsel</u>. Counsel for the parties and employees of counsel who have responsibility for the action;

    B. <u>Parties</u>. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    C. <u>Court</u>.  The Court and its personnel;

    D. <u>Court Reporters and Recorders</u>. Court reporters and recorders engaged for depositions;

    E. <u>Contractors</u>. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    F. <u>Consultants and Experts</u>. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    G. <u>Witnesses at Depositions</u>. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

    H. <u>Author or recipient</u>. The author or recipient of the document (not including a person who received the document in the course of litigation); and

    I. <u>Others by Consent</u>. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

2.    <u>Designation</u>.  A Party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images,

duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

3.    <u>Challenges by a Party to Designation as Confidential Information</u>. The designation of any material or document as Confidential Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

>    A.    <u>Meet and Confer</u>.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was no proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.
>
>    B.    <u>Judicial Intervention</u>.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and

confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

4. <u>Use of Confidential Documents or Information at Trial</u>. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

5. <u>Destruction of Information</u>. At the conclusion of this matter by mutual settlement, trial or otherwise, Plaintiff and Defendants, together with their counsel agree to separately certify that all such documents produced and all copies thereof have been destroyed or deleted. Such certification shall take the form of an affidavit from Plaintiff and Defendants, and a separate affidavit from its counsel, that all such documents in their respective possession have been destroyed.

6. <u>Breach</u>. The Parties agree that the terms of this Agreement are important, material, and confidential, and that any breach of the terms of this Agreement is a material breach of this Agreement, from which Defendants may be enjoined and for which Defendants shall also pay to Plaintiff all damages that arise from any breach of this Agreement.

7. <u>Cooperation</u>. Plaintiff believes he is authorized to produce earning information to Defendants in the manner described in this Agreement without breaching the Neuronetics, Inc. Restrictive Covenant and Invention Assignment Agreement between Plaintiff and Neuronetics, Inc. If Neuronetics, Inc. claims that Plaintiff breached that agreement because of the production of documents to Defendants under this Confidentiality Agreement, then Defendants agrees to cooperate with Plaintiff in the defense of any legal action brought by Neuronetics, Inc. by:

A. providing to Plaintiff a list of every person who had access to or reviewed any of the documents produced under this Agreement and allowing Plaintiff's counsel to interview all persons listed, subject to the limitation that no information will be provided that is subject to the attorney-client privilege as invoked for matters pertaining to Plaintiff's claims against Defendants;

B. providing affidavits, depositions, or certifications separately by Defendants and its counsel that no documents produced under this Agreement were used for any purpose by them other than litigation and settlement of the dispute between Defendants and Plaintiff; and

C. providing any other material in Defendants' possession or witnesses employed by Defendants necessary to support Plaintiff's position that Neuronetics, Inc. suffered no damages from Plaintiff's production of documents under this Agreement to Defendants.

**SO ORDERED** this 29th day of August 2014.

BY THE COURT:

Cheryl R. Zwart
United States Magistrate Judge

| | |
|---|---|
| **WE AGREE TO ABIDE BY THE TERMS OF THIS ORDER** | **WE AGREE TO ABIDE BY THE TERMS OF THIS ORDER** |
| JONATHAN LAW, Plaintiff | PSYCHIATRIC GROUP, LLC; NVATION LLC; AND DEEP TMS PROVIDER, LLC, Defendants |
| /s/ Jeanelle R. Lust<br>*Signature* | /s/ Larry V. Albers<br>*Signature* |
| Jeanelle R. Lust - #20556<br>KNUDSEN, BERKHEIMER,<br>RICHARDSON & ENDACOTT, LLP<br>3800 VerMaas Place, Suite 200<br>Lincoln, Nebraska 68502<br>Phone: (402) 475-7011<br>Fax: (402) 475-8912 | Larry V. Albers - #15336<br>ALBERS BROWN<br>100 Alodium Plc<br>6710 L Street<br>Lincoln, NE 68510<br>Phone: (402) 438-4421<br>larryalbers@windstream.net |

ATTACHMENT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONATHAN LAW, | Case No. 4:14-cv-03090-CRZ |
| Plaintiff, | |
| v. | |
| PREMIER PSYCHIATRIC GROUP, LLC, NVATION, LLC, and DEEP TMS PROVIDER, LLC, | **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND** |
| Defendants. | |

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated \_\_\_\_\_ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nebraska in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____
_____
_____

Date: _____

_____
Signature